

1

2

3

4

5

6

7

8

9          **UNITED STATES DISTRICT COURT**

10         **CENTRAL DISTRICT OF CALIFORNIA**

11

12   IMANI WHITFIELD, SHAWANNA
     McCOY, and JOSEY PARSONS
13   AUGHTMAN, on behalf of themselves
     and all others similarly situated,
14

15                              Plaintiffs,

          v.
16
     YES TO, INC.,
17
                                Defendant.
18

Case No. 2:20-cv-00763-AB-AS

ORDER GRANTING
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

19

20

21

22

23

24

25

26

27

28

1  WHEREAS, Plaintiffs[1] in the action entitled *Whitfield.*, filed on January 24,
2  2020, in the U.S. District Court for the Central District of California and assigned
3  Case No. 2:20-cv-00763-AB-AS and Defendant have entered into a Stipulation of
4  Settlement, filed January 28, 2021, after arms-length settlement discussions;

5  AND, WHEREAS, the Court has received and considered the Stipulation,
6  including the accompanying exhibits;

7  AND, WHEREAS, the Parties have made an application for an order
8  preliminarily approving the settlement of this action, and for its dismissal with
9  prejudice upon the terms and conditions set forth in the Stipulation;

10  AND, WHEREAS, the Court has reviewed the Parties' application for such
11  order, and has found good cause for same.

12  NOW, THEREFORE, IT IS HEREBY ORDERED:

13  **A.    The Settlement Class Is Conditionally Certified**

14  1.    Pursuant to <u>Federal Rule of Civil Procedure 23</u>, and for settlement
15  purposes only, the Court hereby certifies the following Class:

16  All persons in the United States who purchased or used the Yes To
17  Grapefruit Vitamin C Glow-Boosting Unicorn Paper Mask.  Excluded
18  from this definition are the Released Persons, any person or entity that
19  purchased the Yes To Grapefruit Vitamin C Glow-Boosting Unicorn
20  Paper Mask for purposes of resale and not for his/her/its own
21  consumption (i.e., "Resellers"), and any judicial officer assigned to this
22  case.

23  2.    With respect to the Class and for settlement purposes only, the Court
24  preliminarily finds the prerequisites for a class action under <u>Federal Rules of Civil</u>
25  <u>Procedure 23(a)</u> and (b)(3) have been met, including: (a) numerosity; (b)
26  commonality; (c) typicality; (d) adequacy of the class representatives and Class

---

[1] All capitalized terms herein shall have the same meanings as set forth in the Stipulation unless otherwise specifically defined.

ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT

Counsel; (e) predominance of common questions of fact and law among the Class for purposes of settlement; and (f) superiority.

3.      Pursuant to <u>Federal Rule of Civil Procedure 23</u>, the Court hereby appoints the Plaintiffs in this action (Imani Whitfield, Shawanna McCoy, and Josey Parsons Aughtman) as the Cass Representatives.

4.      Having considered the factors set forth in <u>Federal Rule of Civil Procedure 23(g)(1)</u>, the Court hereby appoints the law firms of Bursor & Fisher, P.A., Golomb & Honik, P.C., and Milstein Jackson Fairchild & Wade, LLP as Class Counsel.

**B.      The Stipulation Is Preliminarily Approved and Final Approval Schedule Set**

5.      The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

6.      The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval.  The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

7.      Pursuant to <u>Federal Rule of Civil Procedure 23(e)</u>, the Court will hold a Final Approval Hearing on September 24, 2021 at <u>10:00</u> a.m., in the Courtroom of the Honorable André Birotte, United States District Court for the Central District of California, 350 West 1st Street, Los Angeles, California 90012, Courtroom 7B, for the following purposes:

(a)      finally determining whether the Class meets all applicable requirements of <u>Federal Rule of Civil Procedure 23</u> and, thus, the Class should be certified for purposes of effectuating the settlement;

2          ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT

(b)     determining whether the proposed settlement of this action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court;

(c)     considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as provided for under the Stipulation;

(d)     considering the applications of Plaintiffs for class representative service awards, as provided for under the Stipulation;

(e)     considering whether the Court should enter the [Proposed] Final Settlement Order and Judgment;

(f)     considering whether the release of the Released Claims as set forth in the Stipulation should be provided; and

(g)     ruling upon such other matters as the Court may deem just and appropriate.

8.     The Court may continue or adjourn the final approval hearing and later reconvene such hearing without further notice to Class Members.

9.     The Parties may further modify the Stipulation prior to the final approval hearing so long as such modifications do not materially change the terms of the settlement provided thereunder.  The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

10.     Plaintiffs' applications for attorneys' fees, costs and incentive awards must be filed no later than 21 days before the deadline for Class Members to object, opt out or make claims under the Stipulation. All further papers in support of the settlement and any application for an award of attorneys' fees and expenses and/or class representative incentive awards must be filed with the Court and served at least seven days prior to the Final Approval Hearing.

**C.     The Court Approves the Form and Method of Class Notice**

11.     The Court approves, as to form and content, the proposed Long Form

ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT

and Short Form Notice (collectively the "Notice"), which are Exhibits B and F to the Stipulation of Settlement.  The Court further approves, as to form and content, the Claim Form attached as Exhibit A to the Stipulation of Settlement.

12.   The Court finds that the distribution of Notice substantially in the manner and form set forth in the Stipulation meets the requirements of <u>Federal Rule of Civil Procedure 23</u> and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

13.   The Court approves the designation of Heffler Claims Group to serve as the Court-appointed Settlement Administrator for the settlement.  The Settlement Administrator shall cause the Publication Notice to be published, disseminate Class Notice, and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Class Member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

14.   The Court directs the Settlement Administrator to establish a Settlement Website, making available copies of this Order, Class Notice, Claim Forms that may be downloaded and submitted online, by mail, or by facsimile, the Stipulation and all Exhibits thereto, a toll-free hotline, and such other information as may be of assistance to Settlement Class Members or required under the Stipulation.  The Class Notice and Claim Form shall be made available to Class Members through the Settlement Website on the date notice is first published and continuously thereafter through the termination of this action.

15.   The Claim Administrator is ordered to complete publication of the Publication Notice no later than 45 days after Preliminary Approval (the "Notice Date").

16.   The costs of Notice, processing of claims of Settlement Class Members, creating and maintaining the Settlement Website, and all other Claim Administrator

ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT

and Notice expenses shall be paid by Defendant Yes To, Inc. in accordance with the applicable provisions of the Stipulation.

**D.    Procedure for Class Members to Participate in the Settlement**

17.    The Court approves the Parties' proposed Claim Form.  Any Settlement Class Member who wishes to participate in the settlement shall complete a Claim Form in accordance with the instructions contained therein and submit it to the Claim Administrator within 120 days after the Notice Date.  Such deadline may be further extended without notice to the Class by written agreement of the Parties.

18.    The Claim Administrator shall have the authority to accept or reject claims in accordance with the Stipulation.

19.    Any Class Member may enter an appearance in this action, at his or her own expense, individually or through counsel who is qualified to appear in the jurisdiction.  All Settlement Class Members who do not enter an appearance will be represented by Class Counsel.

**E.    Procedure for Requesting Exclusion from the Class**

20.    All Class Members who do not timely exclude themselves from the Class shall be bound by all determinations and judgments in this action concerning the settlement, whether favorable or unfavorable to the Settlement Class.

21.    Any person or entity falling within the definition of the Settlement Class may, upon his, her or its request, be excluded from the Class.  Any such person or entity must submit a request for exclusion to the Clerk of the Court c/o the Class Action Administrator, postmarked or delivered no later than 120 days after the Notice Date, the date for which will be specifically identified in the Publication Notice and Class Notice.  Requests for exclusion purportedly filed on behalf of groups of persons/or entities are prohibited and will be deemed to be void.

22.    Any Settlement Class Member who does not send a signed request for exclusion postmarked or delivered on or before the time period described above will be deemed to be a Settlement Class Member for all purposes and will be bound by

all judgments and further orders of this Court related to the settlement of this action and by the terms of the settlement, if finally approved by the Court.  The written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member and include a statement indicating that the person or entity is a member of the Settlement Class.  All persons or entities who submit valid and timely requests for exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order.

23.    A list reflecting all requests for exclusion shall be filed with the Court by Class Counsel at or before the Final Approval Hearing.

**F.    Procedure for Objecting to the Settlement**

24.    Any Class Member wishing to object to or oppose the approval of this Settlement, the motion for the service award to Plaintiffs and/or the Fee and Cost Applications shall submit to the Settlement Administrator a written objection and/or request to be heard no later than 75 days after the Notice Date. Such communication shall state the name and address of the Settlement Class Member, shall include information sufficient to demonstrate membership in the Settlement Class, shall state the grounds for each objection asserted, and shall state whether the Settlement Class Member intends to appear at the final approval hearing.  Any Class Member who fails to timely file and serve a written Objection containing all of the requisite information shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by any means, including but not limited to an appeal.

25.    The Settlement Administrator shall forward the Objection and all supporting documentation to Class Counsel and Counsel for Defendants.

26.    A Class Member who objects to the settlement may also submit a Claim Form on or before the deadline to do so, which shall be processed in the same way as all other Claim Forms. A Class Member shall not be entitled to an extension to the

1 deadline to submit a Claim Form merely because the Class Member has also

2 submitted an objection.

3      27.    Class Counsel will file with the Court their briefs in support of Final

4 Approval, the requested service awards for Plaintiffs and an application for attorneys'

5 fees and costs no later than twenty-one (21) days before the deadline for Class

6 Members to object to the Settlement.

7      28.    Class Counsel and/or Defendants have the right, but not the obligation,

8 to respond to any objection no later than fourteen (14) days prior to the Final

9 Approval Hearing. The party so responding shall file a copy of the response with the

10 Court, and shall serve a copy, by regular mail, hand or overnight delivery, to the

11 objecting member of the Class or to the individually-hired attorney for the objecting

12 member of the Settlement Class; to Class counsel, and to Defendants' counsel.

13     IT IS SO ORDERED

14

15 DATED:   March 1, 2021                              

16                                 HONORABLE ANDRE BIROTTE JR.
                                UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT