JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

IMANI WHITFIELD, SHAWANNA
McCOY, and JOSEY PARSONS
AUGHTMAN, on behalf of themselves
and all others similarly situated,

Plaintiffs,

v.

YES TO, INC.,

Defendant.

Case No. 2:20-cv-00763-AB (ASx)

~~[PROPOSED]~~ **FINAL
SETTLEMENT ORDER AND
JUDGMENT**

1    IT IS HEREBY ADJUDGED AND DECREED THAT:

2    1.      This Judgment incorporates by reference the definitions in the

3    Stipulation of Settlement dated January 20, 2021 (Ex. A to Dkt. 41-1) (the

4    "Stipulation"), attached hereto as **Exhibit 1**, and all capitalized terms used herein

5    shall have the same meanings as set forth in the Stipulation unless set forth differently

6    herein.  The terms of the Stipulation are fully incorporated in this Judgment as if set

7    forth fully here.

8    2.      The Court has jurisdiction over the subject matter of this action and all

9    Parties to the action, including all Settlement Class Members who do not timely

10   exclude themselves from the Class.  The list of excluded Class Members was filed

11   with the Court on September 23, 2021, and is attached as **Exhibit 2**.

12   3.      Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court hereby

13   certifies the following Settlement Class:

14
15          All persons in the United States who purchased or used the Yes To
            Grapefruit Vitamin C Glow-Boosting Unicorn Paper Mask.
16          Excluded from this definition are the Released Persons, any person
            or entity that purchased the Yes To Grapefruit Vitamin C Glow-
17          Boosting Unicorn Paper Mask for purposes of resale and not for
            his/her/its own consumption (i.e., "Resellers'"), and any judicial
18          officer assigned to this case.

19   4.      Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such persons

20   or entities who satisfy the Settlement Class definition above, except those Settlement

21   Class Members who timely and validly excluded themselves from the Settlement

22   Class, are Settlement Class Members bound by this Judgment.

23   5.      For settlement purposes only, the Court finds:

24          (a)      Pursuant to Federal Rule of Civil Procedure 23(a), Imani

25   Whitfield, Shawanna McCoy, and Josey Parsons-Aughtman are members of the

26   Settlement Class, their claims are typical of the Settlement Class, and they fairly and

27   adequately protected the interests of the Settlement Class throughout the proceedings

28

1   in the Action.  Accordingly, the Court hereby appoints Ms. Whitfield, Ms. McCoy,

2   and Ms. Parsons-Aughtman as class representatives;

3          (b)    The Class meets all of the requirements of Federal Rules of Civil

4   Procedure 23(a) and (b)(3) for certification of the class claims alleged in the First

5   Amended Complaint, including:  (a) numerosity; (b) commonality; (c) typicality; (d)

6   adequacy of the class representative and Class Counsel; (e) predominance of

7   common questions of fact and law among the Class for purposes of settlement; and

8   (f) superiority; and

9          (c)    Having considered the factors set forth in Rule 23(g)(1) of the

10  Federal Rules of Civil Procedure, Class Counsel have fairly and adequately

11  represented the Class for purposes of entering into and implementing the settlement.

12  Accordingly, the Court hereby appoints Class Counsel as counsel to represent Class

13  Members.

14         6.    Persons or entities who filed timely exclusion requests are not bound by

15  this Judgment or the terms of the Stipulation and may pursue their own individual

16  remedies against Defendant.  However, such excluded parties are not entitled to any

17  rights or benefits provided to Settlement Class Members by the terms of the

18  Stipulation.  The list of persons and entities excluded from the Settlement Class

19  because they filed timely and valid requests for exclusion is attached hereto as

20  **Exhibit 2**.

21         7.    The Court directed that notice be given to Class members by publication

22  and other means pursuant to the notice program proposed by the Parties in the

23  Stipulation and approved by the Court.  (Dkt. 48 ¶¶ 11-16.)  The declaration from

24  Heffler Claims Group, attesting to the dissemination of the notice to the Class,

25  demonstrates compliance with this Court's Preliminary Approval Order. The Class

26  Notice advised Settlement Class members of the terms of the settlement; the date,

27  time, and location of the final approval hearing and their right to appear at such

28  hearing; their rights to remain in or opt out of the Settlement Class and to object to

the settlement; the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Settlement Class.

8.      The distribution of the notice to the Settlement Class constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. §1715, and any other applicable law.

9.      Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and other persons that the settlement proposed by the Parties is fair, reasonable, and adequate.  The terms and provisions of the Stipulation are the product of arms-length negotiations conducted in good faith and with the assistance of an experienced mediator, Jill Sperbor.  The Court has considered any timely objections to the Settlement and finds that such objections are without merit and should be overruled.  Approval of the Stipulation will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

10.     Upon the Final Settlement Approval Date, the named Plaintiffs and each Class Member other than those listed on Exhibit 2 shall be deemed to have, and by operation of this Final Settlement Order and Judgment shall have released, waived and discharged with prejudice Defendant from any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities whether legal, equitable, or otherwise, relating in any way to the claims asserted or the factual or legal allegations made in the Action, including without limitation the purchase or use of the Yes To Grapefruit Vitamin C Glow-Boosting Unicorn Paper Mask at any time (the "Released Claims").

11.     All Class Members who have not timely and validly submitted requests for exclusion are bound by this Judgment and by the terms of the Stipulation.

12.     The Class Representatives in this action initiated their respective lawsuits, acted to protect the Class, and assisted their counsel.  Their efforts have

[PROPOSED] FINAL SETTLEMENT
ORDER AND JUDGMENT

produced the Stipulation entered into in good faith that provides a fair, reasonable, adequate and certain result for the Class. Each of the three Class Representatives are entitled to a service award of $5,000. Class Counsel is entitled to reasonable attorneys' fees, which the Court finds to be $250,000.00, and expenses in the amount of $6,055.41. The Settlement Notice and Other Administrative Costs may be paid from the Settlement Fund, in accordance with the terms set forth in the Stipulation.

13.     The Court hereby dismisses with prejudice this Action, and the Released Parties are hereby released from all further liability for the Released Claims.

14.     Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Stipulation, and all matters ancillary thereto.

15.     The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this Judgment forthwith.

16.     The Parties are hereby authorized without needing further approval from the Court to agree to and adopt such modifications and expansions of the Stipulation, including without limitation the claim review procedure, that are consistent with this Judgment and do not limit the rights of Class Members under the Stipulation.


**IT IS SO ORDERED.**


DATED: <u>September 27, 2021</u>

HONORABLE ANDRE BIROTTE JR.
UNITED STATES DISTRICT JUDGE

[PROPOSED] FINAL SETTLEMENT
ORDER AND JUDGMENT

# EXHIBIT 1

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMANI WHITFIELD, SHAWANNA McCOY, and JOSEY PARSONS AUGHTMAN, on behalf of themselves and all others similarly situated,<br><br>                                   Plaintiffs,<br>        v.<br><br>YES TO, INC.,<br><br>                                   Defendant. | Case No. 2:20-cv-00763-AB-AS<br><br>**STIPULATION OF SETTLEMENT** |

This Stipulation of Settlement (the "Stipulation") is made by Imani Whitfield, Shawanna McCoy, and Josey Parsons Aughtman (the "Plaintiffs" or "Class Representatives"), on behalf of themselves and the Settlement Class (defined below), on the one hand, and Defendant Yes To, Inc. (hereinafter "Defendant"), on the other hand, (collectively referred to as the "Parties") subject to and conditioned upon Court approval of the terms and conditions hereof.

## RECITALS

A. On January 24, 2020, Plaintiff Imani Whitfield commenced an action entitled *Whitfield v. Yes To, Inc.* (United States District Court, Central District of California, Case No. 2:20-cv-763) (the "Action"), as a proposed class action, asserting claims for breach of express warranty, breach of implied warranty, violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq.* ("UTPCPL"), fraudulent concealment, fraud, unjust enrichment, and conversion. Plaintiff alleges, *inter alia*, that Defendant manufactured and sold a defective product known as the "Yes To Grapefruit Vitamin C Glow-Boosting Unicorn Paper Mask," which was sold both as a standalone product and bundled with other products ("Unicorn Mask"). Plaintiff alleges that the Unicorn Mask caused skin irritation and/or burns to her face.

B. On February 19, 2020, Plaintiffs Imani Whitfield and Shawanna McCoy filed a First Amended Complaint ("FAC") asserting the same allegations that the Unicorn Mask caused facial irritation and/or burns, and advanced the same claims, adding causes of action for violation of California's Consumers Legal Remedies Act ("CLRA") (injunctive relief), Cal Civ. Code §1750, *et seq.*, California's False Advertising Law, Cal. Bus. & Prof. Code §17500, *et seq.* (the "FAL"), and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200. Dkt. No. 9.

C. On March 20, 2020, Plaintiffs Imani Whitfield and Shawanna McCoy filed a Second Amended Complaint ("SAC") asserting the same claims and adding a prayer for damages for the CLRA claim. Dkt. No. 20.

D. On March 17, 2020, the *Whitfield* action was consolidated with the related *Aughtman v. Yes To, Inc.* (United States District Court, Central District of California, Case No. 2:20-cv-01223-AB-AS) action. Dkt. No. 19.

E. On May 15, 2020, Plaintiffs Imani Whitfield, Shawanna McCoy, and Josey Parsons

1   Aughtman filed a Consolidated Class Action Complaint ("CCAC") asserting the same claims for

2   relief as in the Complaint, FAC and SAC.  Dkt No. 23.

3          F.     Defendant answered the CCAC on June 12, 2020, denying liability.  <u>Dkt. No. 25</u>.

4          G.     The Parties then began engaging in fact discovery.  Plaintiffs propounded requests

5   for production of documents.

6          H.     Class Counsel (defined below) conducted an examination and investigation of the

7   facts and law relating to the matters alleged in this Action, including, but not limited to, engaging in

8   discovery, review and analysis of Defendant's documents and data.  Class Counsel also evaluated

9   the merits of the Parties' contentions and evaluated this Settlement, as it affects all parties, including

10  Settlement Class Members.  The Class Representatives and Class Counsel, after taking into account

11  the foregoing, along with the risks and costs of further litigation, and the desire to provide prompt

12  and effective relief to the Settlement Class Members, represent that they are satisfied that the terms

13  and conditions of this Settlement are fair, reasonable, and adequate, and that this Settlement is in the

14  best interest of the Settlement Class Members (defined below).

15         I.     Defendant has expressly denied and continues to deny all claims, contentions and

16  charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts

17  and/or omissions alleged, or that could have been alleged in the Action.  Defendant likewise denies

18  that the current action could be certified as one or more classes for litigation purposes.

19  Notwithstanding their denial of all allegations of wrongdoing and all liability with respect to all

20  claims, Defendant considers it desirable to resolve the action to avoid further expense,

21  inconvenience, and burden, and therefore have determined that this settlement on the terms set forth

22  herein is appropriate.  Neither the Stipulation nor any actions taken to carry out the Settlement are

23  intended to be, nor may they be deemed or construed to be, an admission or concession of liability,

24  or of the validity of any claim, defense, or of any point of fact or law on the part of any party.

25  Defendant denies the material allegations of all complaints in this action, including the CCAC.

26  Neither the Stipulation, nor the fact of settlement, nor settlement proceedings, nor the settlement

27  negotiations, nor any related document, shall be used as an admission of any fault or omission by

28  Defendant, an admission of fact or law, or be offered or received in evidence as an admission,

concession, presumption, or inference of any wrongdoing by Defendant in any proceeding.

J.      Substantial settlement negotiations have taken place between the Parties.  In addition to informal settlement discussions, on November 11, 2020, the Parties attended a virtual mediation with Jill Sperber Esq. of Judicate West.  After a full day of mediation, the Parties were able to reach a resolution.

K.      In consultation with their respective legal counsel and in consideration of the covenants and agreements set forth herein, and of the releases and dismissals of claims as described below, and other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged by each of the Parties, the Class Representatives and in consultation with their respective legal counsel, on behalf of themselves and the Settlement Class Members, and Defendant agree for settlement purposes only to the Settlement described herein, subject to Court approval, under the following terms and conditions:

## I.  DEFINITIONS

1.1      "Claim Form" means the document to be submitted by Settlement Class Members seeking cash payment pursuant to this Stipulation.  The Claim Form will be available online at the Settlement Website (defined below) and the contents of the Claim Form will be approved by the Court.  The Parties shall request the Court approve the Claim Form substantially in the form attached hereto and made a part hereof as Exhibit A.

1.2      "Claimant" means a Settlement Class Member who submits a claim for cash payment as described in Section II of this Stipulation.

1.3      "Class Counsel" means the law firms of Bursor & Fisher, P.A., Milstein Jackson Fairchild & Wade, LLP, and Golomb & Honik, P.C.

1.4      "Class Notice" means the Court-approved notice plan described in Section IV below.

1.5      "Class Representatives" means Plaintiffs Imani Whitfield, Shawanna McCoy, and Josey Parsons Aughtman.

1.6      "Court" means the United States District Court, Central District of California.

1.7      "Defendant's Counsel" means the law firm of Troutman Pepper Hamilton Sanders LLP.

1.8    "District Court Final Approval Date" means the day on which the Court's Settlement Approval Order and Final Judgment (defined below) is entered.

1.9    "Fee and Expense Award" means the amount that may be awarded to Class Counsel by the Court for attorneys' fees, costs, and expenses.

1.10    "Final Settlement Approval Date" means the later of thirty (35) days after entry of the Settlement Approval Order and Final Judgment or expiration of the time to appeal from the Settlement Approval Order and Final Judgment without any appeal being taken, or if an appeal or request for review (including but not limited to a request for reconsideration or rehearing, or a petition for a writ of certiorari) has been taken, the date on which the Settlement Approval Order and Final Judgment has been affirmed by the court of last resort to which an appeal or request for review has been taken and such affirmance is no longer subject to further appeal or review, or the date of denial of review after exhaustion of all appellate remedies.

1.11    "Incentive Award" means any award not to exceed $5,000 per Plaintiff ($15,000 total), sought by application to and approved by the Court that may be payable to the Class Representatives from the Settlement Fund.

1.12    "Long Form Notice" means the Court-approved long form of notice to be posted to the Settlement Website (defined below), pursuant to the Media Plan (defined below).  The Parties shall request the Court approve the Long Form Notice substantially in the form attached hereto and made a part hereof as Exhibit B.

1.13    "Media Plan" means the Settlement Administrator's plan to disseminate Class Notice to Settlement Class Members.  The Media Plan will be designed to reach no fewer than seventy-five (75) percent of the Settlement Class Members and will be created with the collaboration and approval of Yes To.

1.14    "Notice and Other Administrative Costs" means all costs and expenses actually incurred by the Settlement Administrator (defined below) in the publication of Class Notice, establishment of the Settlement Website (defined below) and the processing, handling, reviewing, and paying of claims made by Claimants.

1.15    "Parties" means Plaintiffs Imani Whitfield, Shawanna McCoy, Josey Parsons

1    Aughtman and Defendant Yes To, Inc.

2         1.16    "Preliminary Approval" means that the Court has entered an order preliminarily

3    approving the terms and conditions of this Stipulation, including the manner of providing and

4    content of notice to Settlement Class Members.  The Parties shall request the Court to enter the

5    proposed Preliminary Settlement Approval Order substantially in the form attached hereto and

6    made a part hereof as Exhibit C.

7         1.17    "Preliminary Approval Date" means the date on which the Court enters an Order

8    granting Preliminary Approval.

9         1.18    "Released Persons" means and includes Defendant, Travelers Indemnity Company

10   of Connecticut, Travelers Property Casualty Company of America, and any and all manufacturers,

11   suppliers, and retailers of the Unicorn Mask, and each of their past and present respective parents,

12   subsidiaries, divisions, affiliates, persons and entities directly or indirectly under its or their control

13   in the past or in the present, as well as their respective assignors, predecessors, successors, and

14   assigns, and all past or present partners, shareholders, managers, members, directors, officers,

15   employees, agents, attorneys, insurers, accountants, and representatives of any and all of the

16   foregoing.

17        1.19    "Settlement Administrator" means Heffler Claims Group and its successors and

18   assigns.

19        1.20    "Settlement Class Members" or "Settlement Class" means:

20            All persons in the United States who purchased or used the Yes To
21            Grapefruit Vitamin C Glow-Boosting Unicorn Paper Mask.
              Excluded from this definition are the Released Persons, any person
22            or entity that purchased the Yes To Grapefruit Vitamin C Glow-
              Boosting Unicorn Paper Mask for purposes of resale and not for
23            his/her/its own consumption (i.e., "Resellers'"), and any judicial
              officer assigned to this case.
24

25        1.21    "Settlement Fund" means the total commitment of Defendant for purposes of this

26   settlement, as described in Section II of this Stipulation, with a total value of $750,000.00, paid by

27   Defendant for purposes of effectuating the settlement of this Action, the payment and disposition of

28   which is subject to the provisions of this Stipulation, including paragraphs 2.4, 2.5, 2.6, 2.7, 2.8, 2.9,

3.1, and 3.2, below.

      1.22    "Settlement Approval Order and Final Judgment" means an order and judgment issued and entered by the Court, approving this Stipulation as binding upon the Parties and the Settlement Class Members and dismissing the Action with prejudice, and setting the amount for an award of attorneys' fees not to exceed one-third of the total $750,000.00 value of the Settlement Fund, plus any award of costs and expenses, to Class Counsel as determined by the Court.  The Settlement Approval Order and Final Judgment shall constitute a judgment within the meaning and for purposes of Rule 54 of the Federal Rules of Civil Procedure.  The Parties shall request the Court to enter the proposed Settlement Approval Order and Final Judgment substantially in the form attached hereto and made a part hereof as Exhibit D.

      1.23    "Settlement Website" means a website operated and maintained by the Settlement Administrator solely for purposes of making available to the Settlement Class Members the documents, information, and online claims submission process referenced in paragraphs 2.4 through 2.6 below.

      1.24    "Short Form Notice" means the Court-approved form of notice for publication to Settlement Class Members, pursuant to the Media Plan.  The Parties shall request the Court approve the Short Form Notice substantially in the form attached hereto and made a part hereof as Exhibit E.

      1.25    As used herein, the plural of any defined term includes the singular thereof and the singular of any defined term includes the plural thereof, as the case may be.

## II. SETTLEMENT CONSIDERATION

      2.1    <u>Benefit to Settlement Class Members from the Settlement Fund</u>.  The Settlement Fund will be used to provide benefits to or on behalf of the Settlement Class.  Defendant will contribute $750,000.00 for payment of the following: (i) valid claims for benefits submitted by Settlement Class Members pursuant to paragraph 2.4 below; (ii) the Notice and Other Administrative Costs actually incurred by the Settlement Administrator as described in paragraph 4.5 below; (iii) the Fee and Expense Award, as may be ordered by the Court and as described in paragraph 3.1 below, and (iv) any Incentive Award to the Class Representatives, not to exceed $5,000 per Plaintiff as may be ordered by the Court and as described in paragraph 3.2 below.

2.2     <u>Total Financial Commitment</u>.  Defendant and its insurer's total financial commitment and obligation under this Stipulation, subject to Court approval, shall not exceed $750,000.00.

2.3     <u>Schedule of Payments into Settlement Fund</u>.  Defendant or its insurer shall make payments into the Settlement Fund in accordance with the following schedule:

a.     *Notice and Other Administrative Costs.*  Amounts equal to the cost of publishing the Class Notice and other administrative costs, to be paid within thirty (30) days of when such amounts are invoiced to Defendant for work completed and become due and owing.

b.     *Fee and Expense Award.*  An amount equal to the Fee and Expense Award, to be paid as described at paragraph 3.1, below.

c.     *Incentive Award*.  An amount equal to any Incentive Award, not to exceed $5,000 per Plaintiff ($15,000 total), as may be ordered by the Court and as described at paragraph 3.2, below.

d.     *Payment of Valid Claims.*  An amount equal to $750,000, less the sum of (i) the total Notice and Other Administrative Costs, (ii) the Fee and Expense Award, and (iii) the Incentive Award, which amount is to be paid to the Settlement Administrator within ten (10) days of the Final Settlement Approval Date.

2.4     <u>Claims Process</u>.  Each Settlement Class Member shall be entitled to submit a claim for reimbursement, consistent with this paragraph.

a.     *Cash Payment.*  Each Settlement Class Member may submit a claim, either electronically through a settlement website or by mail, for each of the Yes To Grapefruit Vitamin C Glow-Boosting Unicorn Paper Mask products he, or she, purchased or used, provided such claim includes attestation to the purchase(s) or use under penalty of perjury.  Reimbursements will be made for $3.00 to each Settlement Class Member who submits a valid claim.  A Settlement Class Member's claim for reimbursement pursuant to this paragraph shall be considered a "Claim."  The amount payable to each Settlement Class Member making a valid Claim shall be determined by the Settlement Administrator.  If the amount of cash available for the Settlement Fund is insufficient to pay all valid Settlement Class Member Claims, individual payment amounts for Claims shall be

reduced on a pro-rata basis as described in paragraph 2.7 below.  If the amount of cash available from the Settlement Fund is more than the total cash value of valid Claims, cash payments will be increased on a pro-rata basis, such that the Settlement Fund will be completely exhausted.

> b.  *Payment from Fund.*  Claims will be paid, after the Claim Period Close Date (as defined in paragraph 2.6) and after the Final Settlement Approval Date, whichever is later, from the Settlement Fund.  Claims will be paid from the amount of the Settlement Fund remaining after payment of the Fee and Expense Award, Notice and Other Administrative Costs, and the Incentive Award.

2.5    Proof of Claim.  Claims for Yes To Grapefruit Vitamin C Glow-Boosting Unicorn Paper Mask products purchased will be paid without submission of proof of purchase.  A Claimant must include information in the Claim Form – completed online or in hard copy mailed to the Settlement Administrator – confirming under penalty of perjury that they purchased or used at least one unit of the Yes To Grapefruit Vitamin C Glow-Boosting Unicorn Paper Mask products in the United States.

2.6    Review of Claims.  The Settlement Administrator shall be responsible for reviewing all claims to determine their validity.  The Settlement Administrator shall reject any claim that does not comply in any material respect with the instructions on the Claim Form or the terms of paragraphs 2.4 and 2.5, above, or is submitted after the close of the claim period set by the Court ("Claim Period Close Date").  The Settlement Administrator shall promptly inform the Parties as soon as the number of valid opt-outs equals or exceeds fifty (50) individuals (if at all).

2.7    Pro-Rata Distribution of Benefits.  Receipt of total valid Settlement Class Member Claims, determined in accordance with paragraphs 2.4 and 2.5 above, exceeding the available portion of the Settlement Fund (after payment of the Fee and Expense Award, Notice and Other Administrative Costs, and the Incentive Award) will reduce the cash payout for each class member on a pro rata basis.  Similarly, receipt of total valid Settlement Class Member Claims less than the available portion of the Settlement Fund (after payment of the Fee and Expense Award, Notice and Other Administrative Costs, and the Incentive Award) will increase the cash payout for each class member on a pro rata basis.

2.8     Uncleared Checks.  Those Settlement Class Members whose cash benefit checks are not cleared within one hundred eighty (180) days after issuance shall be ineligible to receive a cash settlement benefit and Defendant shall have no further obligation to make any payment pursuant to this Stipulation or otherwise to such Settlement Class Members.  All unpaid funds from uncleared checks shall remain in the Settlement Fund pending further order of the Court.  Class Counsel shall make an application to the Court to seek approval for a proposed disposition of the unpaid funds from uncleared checks.

2.9     Notice to Attorneys General.  Not later than ten (10) days after the Motion for Preliminary Approval of the Settlement is filed in court, the Settlement Administrator shall provide notice of the proposed class action settlement to the appropriate state officials (i.e. each state attorney general) and the Attorney General of the United States pursuant to 28 U.S.C. § 1715, and the costs of such notice shall be paid from the Settlement Fund.

### III.  CLASS COUNSEL ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARD

3.1     Attorneys' Fees, Costs and Expenses.  Class Counsel shall apply to the Court for payment of an award of attorneys' fees, of up to one-third of the total $750,000.00 value of the Settlement Fund.  Class Counsel shall also apply separately for an award of their costs and expenses from the Settlement Fund.  Such fees, costs and expenses, if approved by the Court, shall be payable within 30 days following the District Court's fee award, which shall under no circumstances occur prior to the Settlement Approval Order and Final Judgment, subject to Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking") attached hereto as Exhibit F, and providing all payment routing information and tax I.D. numbers for Class Counsel.  Notwithstanding the foregoing, if the final Settlement Approval Order and Final Judgment or any part of it is vacated, overturned, reversed, or rendered void or unenforceable as a result of an appeal, or the Stipulation is voided, rescinded, or otherwise terminated for any other reason, then Class Counsel shall, within thirty (30) days, repay to Defendant the full amount of the attorneys' fees and costs paid by Defendant to Class Counsel.  In such event, the following persons shall be jointly and severally liable for the return of such payments: (a) Bursor & Fisher,

P.A., (b) Milstein Jackson Fairchild & Wade, LLP, and (c) Golomb & Honik.  To effectuate this provision, Bursor & Fisher, P.A., Milstein Jackson Fairchild & Wade, LLP, and Golomb & Honik shall, within ten (10) calendar days of the Preliminary Approval Order, execute and deliver to Defendant the Undertaking in the form attached as Exhibit F.

       3.2     Incentive Award.  Class Counsel will petition the Court for approval of an Incentive Award payable to the Class Representatives in an amount not to exceed $5,000 per Plaintiff ($15,000 total).  Defendant shall pay such award by wire transfer or check to Class Counsel within thirty-five (35) calendar days after the Final Settlement Approval Date.

## IV.  NOTICE TO CLASS AND ADMINISTRATION OF SETTLEMENT

       4.1     Class Notice.  The Class Notice shall consist of the Long Form Notice and the Short Form Notice.  The Class Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clauses), and any other applicable law, and shall otherwise be in the manner and form approved by the Court.  Class notice and claims administration will be provided by Heffler Claims Group with a media plan designed to achieve no less than seventy-five (75) percent reach.

       4.2     General Notice Terms.  The Class Notice shall:

          a.     inform Settlement Class Members that, if they do not exclude themselves from the Class, they may be eligible to receive the relief under the proposed settlement;

          b.     contain a short, plain statement of the background of the Action, the class certification and the proposed settlement;

          c.     describe the proposed settlement relief outlined in this Stipulation; and

          d.     state that any relief to Settlement Class Members is contingent on the Court's final approval of the proposed settlement.

       4.3     Notice of Exclusion and Objection Rights.  The Class Notice shall inform Settlement Class Members of their rights to exclude themselves from the Class or object to the proposed settlement, as described in paragraph 5.3 below.  The Class Notice shall further inform Settlement Class Members that any judgment entered in the Action, whether favorable or unfavorable to the Class, shall include, and be binding on, all Settlement Class Members who have

not been excluded from the Class, even if they have objected to the proposed settlement and even if they have any other claim, lawsuit or proceeding pending against Defendant.

       4.4     <u>Time and Manner of Notice</u>.  Class Notice shall be provided as set forth in the Media Plan; media delivery of Class Notice shall be completed within forty-five (45) days after the Preliminary Approval Date.

       4.5.    <u>Responsibilities of Settlement Administrator</u>.  The Parties will retain Heffler Claims Group to help implement the terms of the proposed Stipulation.  The Settlement Administrator shall be responsible for administrative tasks, including, without limitation, (a) notifying the appropriate state and federal officials about the settlement, (b) arranging for distribution of Class Notice (in the form approved by the Court) and Claim Forms (in a form ordered by the Court) to Settlement Class Members, (c) handling inquiries from Settlement Class Members and/or forwarding such written inquiries to Class Counsel and Defendant's Counsel, (d) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion from the settlement, (e) establishing the Settlement Website that posts notices, Claim Forms and other related documents, (f) receiving and processing claims and distributing payments to Settlement Class Members, and (g) otherwise assisting with implementation and administration of the Stipulation terms.  The actual costs and expenses of the Settlement Administrator, which are referred to as the Notice and Other Administrative Costs, will be paid from the Settlement Fund.

       4.6.    <u>Performance Standards of Settlement Administrator</u>.  The contract with the Settlement Administrator shall obligate the Settlement Administrator to abide by the following performance standards:

             a.     The Settlement Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to accurately and objectively describe, the provisions of this Stipulation in communications with Settlement Class Members;

             b.     The Settlement Administrator shall, when necessary, provide prompt, accurate and objective responses to inquiries from Class Counsel or their designee, Defendant and/or Defendant's Counsel, and shall report no less than bi-weekly on claims, objectors,

exclusions, and related matters.

          c.     The Settlement Administrator shall seek clarification, instruction or authorization for performance of its duties and expenditure or disposition of cash from both Class Counsel and their designee and from Defendant's and/or Defendant's Counsel or their designee.

## V.  CLASS SETTLEMENT PROCEDURES

      5.1    <u>Settlement Approval</u>.  As soon as practical after the signing of this Stipulation, the Class Representatives shall move for a certification of a nationwide class for settlement purposes only and Preliminary Approval Order, conditionally certifying the nationwide Settlement Class, preliminarily approving the terms and conditions of this Stipulation as fair, reasonable, and adequate, and in the best interests of the Settlement Class Members, approving notice to the Settlement Class Members as described in Section IV above, and setting a hearing to consider final approval of the Settlement and any objections thereto.

      5.2    <u>Settlement Approval Order and Final Judgment</u>.  At or before the final approval hearing, the Class Representatives shall move for entry of a Settlement Approval Order and Final Judgment substantially in the form as that attached hereto and made a part hereof as Exhibit D, granting final approval of this Settlement and holding this Stipulation to be fair, reasonable, and adequate, and in the best interests of the Settlement Class Members, and binding (as of the Final Settlement Approval Date) on all Settlement Class Members who have not excluded themselves as provided below, and ordering that the Settlement relief be provided as set forth in this Stipulation, ordering the releases as set forth in Section VI below to be effective on the Final Settlement Approval Date, and entering judgment in the Action.

      5.3    <u>Exclusions and Objections</u>.  The Class Notice shall advise all Settlement Class Members of their right: (a) to be excluded from the Settlement, or (b) to object to the Settlement. If, within such time as is ordered by the Court and contained in the Class Notice, any Settlement Class Member wishes to be excluded from the Settlement, he or she must do so by timely mailing a valid opt-out notice, as described in the Class Notice.  Any Settlement Class Member who timely elects to opt out of the Settlement shall not be permitted to object to the Settlement.  Persons falling within the definition of the Settlement Class who validly and timely request exclusion from the

Settlement effected by this Stipulation, pursuant to the procedures set forth in this paragraph, shall not be Settlement Class Members, shall not be bound by this Stipulation and shall not be eligible to make a claim for any benefit under the terms of this Stipulation.

5.4     At least seven (7) calendar days prior to the final approval hearing, Class Counsel shall prepare or cause the Settlement Administrator to prepare a list of the persons who have excluded themselves in a valid and timely manner from the Settlement Class (the "Opt-Outs"), and Class Counsel shall file that list with the Court.  If, within such time as is ordered by the Court and contained in the Class Notice, any Settlement Class Member wishes to object to the Settlement and/or to be heard, he or she must, on or before the deadlines established by the Court, submit to the Settlement Administrator a written notice of objection and/or request to be heard.  Such communication shall state the name and address of the Settlement Class Member, shall include information sufficient to demonstrate membership in the Settlement Class, shall state the grounds for each objection asserted, and shall state whether the Settlement Class Member intends to appear at the final approval hearing.

5.5     Defendant's Option to Terminate Settlement.  Defendant may elect, in its sole discretion, to rescind and/or void this Stipulation *ab initio* if: (1) the number of individuals opting out from the Class or from the Settlement of this Action is equal or greater than 175; (2) two or more Settlement Class Members object to the Settlement seeking in the aggregate, more than $50,000 and the objections are sustained by the trail court.  Defendant must exercise this right in writing to Class Counsel within fifteen (15) calendar days after: (1) the Settlement Administrator notifies the Parties of the total number of opt-out requests; or (2) the date the trial court rules on the objections for objectors.  Defendant's option to rescind shall have the same effect as nonapproval under paragraph 5.7.  The Parties and/or their respective counsel shall not encourage objections and/or opt-outs.

5.6     Stay of the Action.  The Parties shall request that the Court, in connection with Preliminary Approval, issue an immediate stay of the Action.

5.7     Effect If Settlement Not Approved.  This Stipulation is being entered into only for purposes of settlement, subject to and without waiver of the Parties' respective rights.  If the Court

does not enter the order granting Preliminary Approval or does not grant final approval, or if the Final Settlement Approval Date does not occur, Class Counsel and Defendant's Counsel shall endeavor, consistent with the Stipulation, to cure any defect identified by the Court; provided, however, that the parties hereto shall not be obligated to accept such cure if it increases the cost or burden of the Stipulation to Plaintiffs, Defendant, or any of the other Released Persons or reduces or otherwise affects the scope of the releases provided by this Stipulation.  In the event that the Stipulation is terminated for any reason, final approval does not occur for any reason, or the Final Settlement Approval Date does not occur, then no term or condition of the Stipulation, or any draft thereof, or any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose in the Action, or in any other proceeding, and the Parties shall be restored to their respective positions immediately preceding execution of this Stipulation.  If the final Settlement Approval Order and Final Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Stipulation is voided, rescinded, or otherwise terminated for any other reason, then within thirty (30) days, Class Counsel shall return to Defendant all attorneys' fees, costs, and other payments received by Class Counsel under the Stipulation, as set forth in paragraph 3.1 above.  The Parties agree that all drafts, discussions, negotiations, documentation, or other information prepared in relation to the Stipulation and the Parties' settlement discussions shall be treated as strictly confidential and may not be disclosed to any person other than the Parties' counsel, and only for purposes of the settlement of this Action.

     5.8    <u>Termination.</u>  The Stipulation shall have no effect unless and until this Stipulation is fully executed by all Parties.

## VI. RELEASES

     6.1    <u>Release by Settlement Class Members.</u>  Effective as of the Final Settlement Approval Date, each and all of the Settlement Class Members (except any such person who has filed a proper and timely request for exclusion; and any person or entity that purchased the Yes To Grapefruit Vitamin C Glow-Boosting Unicorn Paper Mask for purposes of resale and not for

his/her/its own consumption (i.e., "Resellers")) shall be deemed to have, and by operation of law shall have, fully, finally and forever released, relinquished, and discharged, and shall be forever barred from asserting, instituting, or maintaining against any or all of the Released Persons, any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities whether legal, equitable, or otherwise, relating in any way to the claims asserted or the factual or legal allegations made in the Action, including without limitation the purchase or use of the Yes To Grapefruit Vitamin C Glow-Boosting Unicorn Paper Mask at any time (collectively, the "Claims"). With respect to the Claims released pursuant to this paragraph, each Settlement Class Member shall be deemed to have waived, relinquished and released all claims that have or could have been asserted in the action consistent with the broadest scope of release permitted under *Hesse v. Sprint Corp.,* 598 F. 3d 581, 590 (9th Cir. 2010). This release shall be interpreted to the fullest extent permitted by law, and each Settlement Class Member shall be deemed to have waived any and all provisions, rights and benefits conferred by California Civil Code section 1542 (and equivalent, comparable, or analogous provisions of the laws of the United States of America or any state or territory thereof, or of the common law or civil law). Section 1542 provides that:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Thus, as of the Final Settlement Approval Date, each Settlement Class Member shall be deemed to have expressly waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, contingent or noncontingent claim with respect to the Claims, whether or not concealed or hidden, without regard to subsequent discovery of existence of different or additional facts. Each and every term of this paragraph shall inure to the benefit of each and all of the Released Persons, and each and all of their respective successors and personal representatives, which persons and entities are intended to be beneficiaries of this paragraph. For avoidance of

doubt, this Release of Claims does not release any claims of Resellers of the Yes To Grapefruit Vitamin C Glow-Boosting Unicorn Paper Mask.

6.2     Effectuation of Settlement.  None of the above releases affects the Parties' rights or claims to enforce the terms of the Stipulation.

6.3     No Admission of Liability.  This Stipulation reflects, among other things, the compromise and settlement of disputed claims among the Parties, and neither this Stipulation nor the releases given herein, nor any consideration therefor, nor any actions taken to carry out this Stipulation, are intended to be, nor may they be deemed or construed to be, an admission or concession of any fact, liability, or the validity of any claim, defense, or of any point of fact or law on the part of any party.  Defendant denies the material allegations of all the complaints filed in this Action.  Neither this Stipulation, nor the fact of settlement, nor the settlement proceedings, nor the settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by any or all of the Released Persons, or be offered or received in evidence as an admission, concession, presumption or inference of any wrongdoing or liability by any or all of the Released Persons in any civil, criminal, administrative or other proceeding in any court, agency or tribunal, other than such proceedings as may be necessary to consummate, interpret or enforce this Stipulation.

## VII. CERTIFICATION OF SETTLEMENT CLASS

7.1     The Parties agree, for settlement purposes only and solely pursuant to the terms of this Stipulation, that this Action shall, subject to Court approval, conditionally be certified and proceed as a nationwide class action under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only, with a class consisting of all Settlement Class Members, and with Imani Whitfield, Shawanna McCoy, and Josey Parsons Aughtman as Class Representatives and with Class Counsel as counsel for the Settlement Class Members.

7.2     Any certification of a conditional, preliminary or final settlement class pursuant to the terms of this Settlement shall not constitute, and shall not be construed as, an admission on the part of Defendant that this Action, or any other proposed or certified class action, is appropriate for nationwide class treatment pursuant to Federal Rule of Civil Procedure or any similar state or

federal class action statute or rule.  Neither the fact of this settlement nor this Stipulation shall be used in connection with efforts in any proceeding to seek nationwide or any other certification of any claims asserted against Defendant.

7.3     In the event the Court does not approve the settlement and Stipulation, then this conditional certification is null and void, shall have no force or effect, and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy.  In such an event, this Stipulation and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the right of the Parties, who shall be restored to their respective positions as of the date of this Stipulation, and Defendant shall not be deemed to have waived any opposition or defenses it has to any aspect of the claims asserted in the Action or to whether those claims or the Action may properly be maintained as a class action.

## VIII.  MISCELLANEOUS PROVISIONS

8.1     <u>Change of Time Periods</u>.  The time periods and/or dates described in this Stipulation with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Class Counsel and Defendant's Counsel, without notice to Settlement Class Members.  The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Stipulation.

8.2     <u>Time for Compliance</u>.  If the date for performance of any act required by or under this Stipulation falls on a Saturday, Sunday, or court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Stipulation.

8.3     <u>Governing Law</u>.  This Stipulation is intended to and shall be governed by the laws of the State of California without giving effect to principles of conflicts of laws.

8.4     <u>Entire Agreement</u>.  The terms and conditions set forth in this Stipulation constitute the complete and exclusive statement of the agreement between the Parties relating to the subject matter of this Stipulation, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement.  The Parties further intend

that this Stipulation constitutes the complete and exclusive statement of its terms as between the Parties, and that no extrinsic evidence whatsoever may be introduced in any agency or judicial proceeding, if any, involving this Stipulation.  Any modification of the Stipulation must be in writing signed by Class Counsel and Defendant.

8.5     Advice of Counsel.  The determination of the terms and the drafting of this Stipulation have been by mutual agreement after negotiation, with consideration by and participation of all Parties and their respective counsel.  The presumption found in California Civil Code section 1654 (and equivalent, comparable, or analogous provisions of the laws of the United States of America or any state or territory thereof, or of the common law or civil law) that uncertainties in a contract are interpreted against the party causing an uncertainty to exist is waived by all Parties.

8.6     Binding Agreement.  This Stipulation shall be binding upon and inure to the benefit of the respective heirs, successors, and assigns of the Parties, the Settlement Class Members and the other Released Persons.

8.7     No Waiver.  The waiver by any Party of any provision or breach of this Stipulation shall not be deemed a waiver of any other provision or breach of this Stipulation.

8.8     Execution in Counterparts.  This Stipulation shall become effective upon its execution by all of the undersigned.  The Parties may execute this Stipulation in counterparts, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.  The Parties further agree that signatures provided by portable document format (PDF) or other electronic transmission shall have the same force and effect as original signatures.

8.9     Enforcement of this Stipulation.  The Court shall retain jurisdiction, and shall have exclusive jurisdiction, to enforce, interpret, and implement this Stipulation, and the terms of any order entered pursuant to this Stipulation.

8.10    Best Efforts.  The Parties and their undersigned counsel agree to undertake their best efforts and mutually cooperate to promptly effectuate this Stipulation and the terms of the settlement set forth herein, including taking all steps and efforts contemplated by this Stipulation and any other steps and efforts which may become necessary by order of the Court or otherwise.

8.11    <u>Notices</u>.  All notices to the Parties or counsel required by this Stipulation shall be made in writing and communicated by email and mail to the following address:

If to Class Representative, Settlement Class Members, or Class Counsel:

L. Timothy Fisher
Bursor & Fisher, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
E-Mail:  ltfisher@bursor.com

If to Defendant or Defendant's Counsel:

Jeffrey Goldman
Troutman Pepper Hamilton Sanders, LLP
Two California Plaza
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone:  (213) 928-9800
E-Mail:  jeffrey.goldman@troutman.com

IN WITNESS HEREOF the undersigned, being duly authorized and intending to be legally bound hereby, have caused this Stipulation to be executed on the dates shown below and agree that it shall take effect on the date it is executed by all of the undersigned.

**APPROVED AND AGREED:**

DATED: 1/8/2021 _____                 _____
                                                Plaintiff Imani Whitfield

DATED: _____                          _____
                                                Plaintiff Shawanna McCoy

DATED: _____                          _____
                                                Plaintiff Josey Parsons Aughtman

DATED: _____                          _____
                                                Yes To, Inc.

8.11    Notices.  All notices to the Parties or counsel required by this Stipulation shall be made in writing and communicated by email and mail to the following address:

If to Class Representative, Settlement Class Members, or Class Counsel:

L. Timothy Fisher
Bursor & Fisher, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
E-Mail:  ltfisher@bursor.com

If to Defendant or Defendant's Counsel:

Jeffrey Goldman
Troutman Pepper Hamilton Sanders, LLP
Two California Plaza
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone:  (213) 928-9800
E-Mail:  jeffrey.goldman@troutman.com

IN WITNESS HEREOF the undersigned, being duly authorized and intending to be legally bound hereby, have caused this Stipulation to be executed on the dates shown below and agree that it shall take effect on the date it is executed by all of the undersigned.

**APPROVED AND AGREED:**

DATED: _____    _____
                                                      Plaintiff Imani Whitfield

DATED: 01/08/2021               _____
                                                      Plaintiff Shawanna McCoy

DATED: _____    _____
                                                      Plaintiff Josey Parsons Aughtman

DATED: _____    _____
                                                      Yes To, Inc.

8.11    <u>Notices</u>.  All notices to the Parties or counsel required by this Stipulation shall be made in writing and communicated by email and mail to the following address:

If to Class Representative, Settlement Class Members, or Class Counsel:

L. Timothy Fisher
Bursor & Fisher, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
E-Mail:  ltfisher@bursor.com

If to Defendant or Defendant's Counsel:

Jeffrey Goldman
Troutman Pepper Hamilton Sanders, LLP
Two California Plaza
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone:  (213) 928-9800
E-Mail:  jeffrey.goldman@troutman.com

IN WITNESS HEREOF the undersigned, being duly authorized and intending to be legally bound hereby, have caused this Stipulation to be executed on the dates shown below and agree that it shall take effect on the date it is executed by all of the undersigned.

**APPROVED AND AGREED:**

DATED: _____        _____
                                Plaintiff Imani Whitfield

DATED: _____        _____
                                Plaintiff Shawanna McCoy

DATED: 1/8/2021                 _____
                                Plaintiff Josey Parsons Aughtman

DATED: _____        _____
                                Yes To, Inc.

1       8.11   Notices. All notices to the Parties or counsel required by this Stipulation shall be

2 made in writing and communicated by email and mail to the following address:

3       If to Class Representative, Settlement Class Members, or Class Counsel:

4       L. Timothy Fisher
      Bursor & Fisher, P.A.

5       1990 North California Blvd., Suite 940
      Walnut Creek, CA 94596

6       Telephone: (925) 300-4455

7       E-Mail: ltfisher@bursor.com

8       If to Defendant or Defendant's Counsel:

9       Jeffrey Goldman
      Troutman Pepper Hamilton Sanders, LLP

10       Two California Plaza
      350 South Grand Avenue, Suite 3400

11       Los Angeles, CA 90071
      Telephone: (213) 928-9800

12       E-Mail: jeffrey.goldman@troutman.com

13       IN WITNESS HEREOF the undersigned, being duly authorized and intending to be legally

14 bound hereby, have caused this Stipulation to be executed on the dates shown below and agree that it

15 shall take effect on the date it is executed by all of the undersigned.

16 **APPROVED AND AGREED:**

17 DATED: _____

18                             Plaintiff Imani Whitfield

19

20 DATED: _____

21                             Plaintiff Shawanna McCoy

22 DATED: _____

23                             Plaintiff Josey Parsons Aughtman

24

25 DATED: 1/20/21

26                             Yes To, Inc.

27

28

**EXHIBIT A**

| Yes To Unicorn Mask<br>CLAIM FORM |
|---|

**You can also submit a claim online at www.[xxxxx].com.**

Use this Claim Form to claim refunds of a portion of the purchase price of one or Yes To Vitamin C Grapefruit Glow-Boosting Unicorn Paper Mask that you purchased or used. Your **Claim Form must be postmarked or submitted online by [month day, 2021].** If mailing please return this form to:

<div align="center">

Yes To Mask Claims Administrator

[Address]

[City, State, Zip Code]

</div>

| CLASS MEMBER INFORMATION |
|---|

NAME: _____

TELEPHONE OR EMAIL: _____

ADDRESS:

_____

CITY: _____

STATE: _____

ZIP CODE: _____

| PURCHASE INFORMATION |
|---|

Complete the information below for all of the Yes To Vitamin C Grapefruit Glow-Boosting Unicorn Paper Masks you purchased or used in the United States for which you are submitting a claim.

I purchased or used _____ Yes To Vitamin C Grapefruit Glow-Boosting Unicorn Paper Masks in the United States.

| **AFFIRMATION** |
| --- |
| I understand that the decision of the Claim Administrator is final and binding on me and on Defendant. |
| The information on this claim form is true and correct to the best of my knowledge and belief. |
| <br>SIGNATURE: _____<br><br><br>DATE: _____ |
| **CLAIM FORMS MUST BE RETURNED BY [MONTH DAY, 2021].**<br>**QUESTIONS?  VISIT WWW.[XXXXX].COM OR CALL 1-800-xxx-xxxx.** |

**EXHIBIT B**

<u>United States District Court for the Central District of California</u>

# If You Purchased or Used a Yes To Grapefruit Vitamin C Glow-Boosting Unicorn Paper Mask, You Could Receive a Cash Payment as Part of a Proposed Class Action Settlement

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A Proposed Settlement has been reached in a class action lawsuit. Purchasers and users of Yes To Grapefruit Vitamin C Glow-Boosting Unicorn Paper Masks (the "Masks") have sued their manufacturer, Yes To, Inc. ("Defendant"), alleging that that the Masks cause irritation, redness, and a burning sensation.

- The Proposed Settlement creates a $750,000 settlement fund from which to pay Class Member claims and other costs and expenses related to the litigation and settlement as detailed below.

- You are a Class Member if you purchased or used the Yes To Grapefruit Vitamin C Glow-Boosting Unicorn Paper Mask in the United States at any time.

- If you are eligible to participate in this Proposed Settlement because you purchased or used one or more of the Masks in the United States, you can submit a claim for a cash payment from the Settlement Fund.

## Please read this Notice carefully and in its entirety.
## Your rights may be affected by the Proposed Settlement of this Lawsuit, and you have a choice to make now about how to act:

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **WHAT IS THIS?** | A Proposed Settlement has been reached in a class action lawsuit. The lawsuit alleges that Defendant's Masks cause irritation, redness, and a burning sensation in violation of state laws. |
| **SUBMIT A CLAIM FORM POSTMARKED BY [DATE]** | **This is the only way to receive the Settlement Benefit of a cash payment.** By submitting a claim, you will give up any rights to sue Defendant separately about the same facts or legal claims in this lawsuit. Claim Forms are available at www.YesToClassAction.com. |
| **EXCLUDE YOURSELF FROM THE CLASS BY [DATE]** | If you opt out of the Proposed Settlement, you will not be eligible to receive the Settlement Benefit, but you will keep your right to sue Defendant about the same facts or legal claims in this lawsuit. Requests for exclusion must be postmarked by [date] and mailed to [address]. |

| | |
|---|---|
| **OBJECT OR COMMENT BY [DATE]** | You may write to the Court about why you do, or do not, like the Proposed Settlement.  You must remain in the class to comment in support of or in opposition to the Proposed Settlement.  Objections and comments must be filed with the Court and served on the Parties by [date]. |
| **APPEAR IN THE LAWSUIT OR ATTEND A HEARING ON [DATE]** | You may ask to speak in Court about the fairness of the Proposed Settlement.  Written notice of your intent to appear in the Lawsuit must be filed with the Court and served on the Parties by [date].  You may enter your appearance in Court through an attorney at your own expense if you so desire. |
| **DO NOTHING** | If you do nothing, you will receive no Settlement Benefit.  You also give up your right to sue Defendant on your own regarding any claims that are part of the Proposed Settlement. |

- These rights and options, **and the deadlines to exercise them**, are further explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Proposed Settlement.  The Settlement Benefit will be made available if the Court approves the Proposed Settlement and after any appeals are resolved.
- If you have any questions, please read on and visit www.YesToClassAction.com.

## BASIC INFORMATION

### 1.     Why did I get this notice?

If you purchased or used one or more of the Masks in the United States as described on page 1 of this Notice, you have a right to know about a proposed settlement or a class action lawsuit and your options.  If the Court approves the Proposed Settlement, and after objections and appeals are resolved, an administrator approved by the Court will oversee the distribution of the Settlement Benefits that the Proposed Settlement allows.  You will be informed of the progress of the Proposed Settlement.

This Notice explains the lawsuit, the Proposed Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The Court in charge of the case is the United States District Court for the Central District of California, and the case is known as *Whitfield v. Yes To, Inc.*, Case No. 2:20-cv-00763-AB-AS.  The people who sued are called the Plaintiffs, and the company they sued, Yes To, Inc., is called the Defendant.

### 2.     What is this lawsuit about?

This lawsuit is about whether Defendant's masks cause irritation, redness, and a burning sensation in violation of state laws.  You can read Plaintiffs' First Consolidated Class Action Complaint

<link> at www.YesToClassAction.com.

Defendant denies any wrongdoing and denies the Plaintiffs' allegations. You can read Defendant's answer <link> at www.YesToClassAction.com.

The Court has not made any ruling on Defendant's liability, if any.

### 3.   What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case, Plaintiffs Imani Whitfield, Shawanna Mccoy, and Josey Parsons Aughtman) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The named plaintiffs who sued – and all the Class Members like them – are called the Plaintiffs. The company they sued (in this case, Defendant Yes To, Inc.) is called the Defendant. One court resolves the issues for everyone in the Class – except for those people who choose to exclude themselves from the Class.

### 4.   Why is there a Proposed Settlement?

The Court has not decided in favor of either side in the case. Defendant denies all allegations of wrongdoing or liability against them, and contend that its conduct was lawful. Defendant is settling to avoid the expense, inconvenience, and inherent risk of litigation, as well as the related disruption of its business operations. Plaintiffs and their attorneys assert that the Proposed Settlement is in the best interests of the Class, because it provides an appropriate recovery now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals.

## Who is in the Proposed Settlement?

To see if you will be entitled to the Settlement Benefit from this Proposed Settlement, you first have to decide if you are a Class Member.

### 5.   How do I know if I am part of the Proposed Settlement?

You are a Class Member if you purchased or used the Yes To Grapefruit Vitamin C Glow-Boosting Unicorn Paper Mask product (the "Product") in the United States at any time.

## THE PROPOSED SETTLEMENT BENEFITS

### 6.   What does the Proposed Settlement provide if I submit a claim?

The settlement provides that Defendant will pay $750,000 in cash into a settlement fund (the "Settlement Fund"). The Settlement Fund will be used to (i) pay notice and claims administration costs, (ii) attorneys' fees, (iii) litigation costs and expenses, (iv) an incentive award to the Class Representatives, and (v) pay cash to Class Members. Class Counsel estimates that after these costs and expenses are accounted for, approximately $[] thousand will be available to pay claims ("available portion of the Settlement Fund").

Each class member may submit a claim, either electronically through a settlement website or by mail, for each of the Products purchased or used during the class period. You will recover cash based on the average retail price of the Product, which is $3 for each Product. Claims for Products purchased or used during the class period will be paid without requiring proof of

purchase.

Your recovery, and the recovery of every other claimant, will be proportionally adjusted to account for the available portion of the Settlement Fund. Depending on the total dollar amount of all valid claims, this adjustment may increase or decrease your recovery. For instance, if the total dollar amount of all valid claims is less than the available portion of the Settlement Fund, then claimant recoveries will be proportionally increased. Similarly, if the total dollar amount of all valid claims is more than the available portion of the Settlement Fund, then claimant recoveries will be proportionally decreased.

All payments to Settlement Class Members who submit Valid Claims will be made within forty-five (45) days after the Settlement Approval Order and Final Judgment becomes final ("Final Settlement Approval Date"). All Settlement Class Members who do not opt out of the Proposed Settlement and who submit a Valid Claim shall receive a cash award as set forth above.

In addition, the Settlement Fund will be used for the following: (1) notice to the Class and administration costs related to the settlement; (2) an incentive award not to exceed $5,000 to each Plaintiff ($15,000 total), subject to court approval, and (3) Plaintiffs' attorneys' fees, costs and expenses, subject to court approval.

## HOW YOU GET A CASH PAYMENT — SUBMITTING A CLAIM FORM

### 7.     How can I get a cash payment from the Proposed Settlement?

Class Members who wish to receive a payment must submit claims.

To submit a claim, you must complete a Claim Form.

You can get a Claim Form on the Internet at www.YesToClassAction.com.   Read the instructions carefully, and submit it online on or before [_____, 20__].

Alternatively, you may also submit your Claim Form by mailing it to the following address: Yes To Class Action Administrator, P.O. Box ____, _____, __ _____.  It must be postmarked no later than [_____, 20__].

You can also request that a claim form be sent to you by email or mail. Call toll-free 1-___-___-____.

TO BE VALID, ALL CLAIMS MUST BE POSTMARKED OR SUBMITTED NO LATER THAN [_____, 20__].

## YOUR RIGHTS AND CHOICES – EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT

If you do not want to receive the Settlement Benefits from this Proposed Settlement, but you want to keep the right to sue Defendant, on your own, about the subject matter of this lawsuit, then you must take steps to get out of the Proposed Settlement. This is called excluding yourself – or is sometimes referred to as opting out of the Class.

### 8.  How do I get out or exclude myself from the Proposed Settlement?

To exclude yourself from the Proposed Settlement, which is sometimes call "opting-out" of the Class, you must send a letter by mail saying that you want to be excluded from this lawsuit.

To exclude yourself from the Class, you must postmark a written Request for Exclusion to Yes To Class Action Administrator, P.O. Box _____, _____, _____. The written Request for Exclusion must be postmarked no later than [_____, 20___].

Your written Request for Exclusion must contain: (1) the name of this lawsuit, *Whitfield v. Yes To, Inc.*, Case No. 2:20-cv-00763-AB-AS; (2) your full name and current address; (3) a clear statement of intention to exclude yourself such as "I wish to be excluded from the Class"; and (4) your signature.

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not get any Settlement Benefit, and you cannot object to the Proposed Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendant in the future.

## 9.    If I don't exclude myself, can I sue Defendant for the same things later?

**No.** If you do not properly and timely submit a written Request for Exclusion, you waive your right to opt out and will be deemed to be a member of the Class. Unless you exclude yourself, you give up the right to sue Defendant for the facts and claims that this Proposed Settlement resolves, and you will be bound by the terms of this Proposed Settlement. If you have a pending lawsuit against Defendant, other than this class action, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, any exclusion request must be signed, mailed, and postmarked by [_____, 20___].

## 10.    If I exclude myself, can I get the Settlement Benefits from this Proposed Settlement?

**No.** If you exclude yourself, do not send in a claim form to ask for any money. But, you may sue, continue to sue, or be part of a different lawsuit against Defendant.

# YOUR RIGHTS AND CHOICES – OBJECTING TO THE PROPOSED SETTLEMENT

You can tell the Court that you do not agree with the Proposed Settlement or some part of it.

## 11.    How do I tell the Court that I don't like the Proposed Settlement?

If you are a Class Member, you can object to the Proposed Settlement if you do not like any part of it, including the proposed plan to reimburse Class Members, Class Counsel's fee award, or the Class Representative incentive award. You can give reasons why you think the Court should not approve it. The Court will consider your views.

To object, you must send a letter that contains the following:

- Your name, current address and telephone number, or your lawyer's name, address and telephone number if you are objecting through counsel;

---

- The name of the lawsuit, *Whitfield v. Yes To, Inc.*, Case No. 2:20-cv-00763-AB-AS;

- A statement of your objections and the reasons for each objection you make, including the facts supporting your objection and the legal grounds on which your objection is based;

- A list of any documents you may give the Court to support your objection, if any;

- A list of legal authorities you want the Court to consider;

- The names and addresses of any witness you want to call to testify, and a summary of the witnesses' expected testimony;

- If you (or your lawyer) want to appear and speak at the Fairness Hearing, a statement that you wish to appear and speak;

- Documents sufficient to establish your membership in the Settlement Class, such as verification under oath as to the date and location of your purchase of a Settlement Class Product, or a Proof of Purchase; ***and***

- Your signature (or your lawyer's signature).

To object, you must file a written objection with the Clerk of the Court for the Central District of California ***no later than*** [_____, 20___].  The Clerk of the Court is located at:

<div align="center">

Clerk of Court
U.S. District Court
Central District of California
First Street U.S. Courthouse
350 W 1st Street, Suite 4311
Los Angeles, CA 90012-4565

</div>

You must also send copies of your objection along with any supporting documents ***that is received no later than*** [_____, 20___] to the following two addresses:

| Counsel for the Class: | Counsel for Defendant: |
|---|---|
| L. Timothy Fisher | Jeffrey Goldman |
| Bursor & Fisher, P.A. | Troutman Pepper Hamilton Sanders, LLP |
| 1990 North California Blvd., Suite 940 | Two California Plaza |
| Walnut Creek, CA 94596 | 350 South Grand Avenue, Suite 3400 |
| Telephone: (925) 300-4455 | Los Angeles, CA 90071 |
| E-Mail:  ltfisher@bursor.com | Telephone:  (213) 928-9800 |
|  | E-Mail:  jeffrey.goldman@troutman.com |

If you object through a lawyer, you will have to pay for the lawyer yourself. Importantly, only Class Members who submit timely, written objections may voice their objections at the hearing.

| 12. | **What's the difference between objecting and excluding?** |
|---|---|

Objecting is simply telling the Court you do not like something about the Proposed Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## YOUR RIGHTS AND CHOICES – APPEARING IN THE LAWSUIT

### 13.    Can I appear or speak in this lawsuit and Proposed Settlement?

As long as you do not exclude yourself, you can (but do not have to) participate and speak for yourself in this lawsuit and Proposed Settlement. This is called making an appearance. You can also have your own lawyer appear in court and speak for you, but you will have to pay for the lawyer yourself.

### 14.    How can I appear in this lawsuit?

If you want yourself or your own lawyer (instead of Class Counsel) to participate or speak for you in this lawsuit, you must include in your written objection that you plan to attend and/or speak at the Fairness Hearing.

## IF YOU DO NOTHING

### 15.    What happens if I do nothing at all?

If you do nothing, you will get no Settlement Benefit from this Proposed Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant about the subject matter of this lawsuit, ever again.

## THE LAWYERS REPRESENTING YOU

### 16.    How and when will the Court decide who is right?

The Court has appointed Bursor & Fisher, P.A., Golomb & Honik, and Milstein Jackson Fairchild & Wade LLP as legal counsel for the Class. Counsel for the Class are frequently referred to as "Class Counsel." You will not be charged for these lawyers.

### 17.    How will the lawyers be paid?

From the inception of the litigation in January 2020 to the date of the Proposed Settlement, Class Counsel has not received any payment for their services in prosecuting the case or obtaining settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. When they ask the Court to approve the Proposed Settlement, Class Counsel will also make a motion to the Court for an award of attorneys' fees in a total amount not to exceed one-third of the Settlement Fund. Separately, Class Counsel will also seek payment from the Settlement Fund for their costs and expenses incurred during the course of the litigation. No matter what the Court decides with regard to the requested attorneys' fees, costs and expenses, Class Members will never have to pay anything toward the fees or expenses of Class Counsel. Class

Counsel will seek final approval of the Proposed Settlement on behalf of all Class Members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

# THE COURT'S FINAL FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Proposed Settlement. You may attend and you may ask to speak, but you do not have to attend or speak.

| 18. | When and where will the Court decide whether to approve the Proposed Settlement? |
|---|---|

The United States District Court for the Central District of California (the "Court") will hold a hearing (the "Fairness hearing") at First Street U.S. Courthouse located at 350 W 1st Street, Suite 4311, Los Angeles, CA 90012-4565 on [_____, 20___] to decide whether the settlement is fair, reasonable, and adequate and to determine the amount of attorneys' fees, costs and expenses, and incentive fee awards. If there are objections, the Court will consider them. The Court may also discuss Class Counsel's request for an award of attorneys' fees and reimbursement of costs. After the hearing, the Court will decide whether to approve the settlement and whether to grant Class Counsel's request for attorneys' fees and expenses. We do not know how long these decisions will take.

| 19. | Do I have to come to the hearing? |
|---|---|

**No.** Class Counsel is working on your behalf and will answer any questions the Court may have, but you are welcome to attend the hearing at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

# FINAL SETTLEMENT APPROVAL

| 20. | What is the effect of final settlement approval? |
|---|---|

If the Court grants final approval of the Proposed Settlement, all members of the Class will release and forever discharge any and all claims or causes of action that have been, might have been, are now, or could have been brought relating to the transactions, actions, conduct and events that are the subject of this action or settlement, arising from or related to the allegations in the complaint filed in the Action or Defendant's marketing, advertising, selling, promoting or distributing of the Masks.

If the Proposed Settlement is not approved, the case will proceed as if no settlement had been attempted. If the Proposed Settlement is not approved and litigation resumes, then there can be no assurance that the Class will recover anything.

# GETTING MORE INFORMATION

| 21. | Are there more details about the Proposed Settlement? |
|---|---|

This Notice is only intended to provide a summary of the Proposed Settlement.  You may obtain the complete text of the settlement at www.YesToClassAction.com, by writing to the Claims Administrator (at the address listed above), or from the court file, which is available for your inspection during regular business hours at the Office of the Clerk of the United States District Court for the Central District of California, First Street U.S. Courthouse located at 350 W 1st Street, Suite 4311, Los Angeles, CA 90012-4565.

Visit the website, at www.YesToClassAction.com, where you will find the Plaintiffs' Complaint, Defendant's Answer, the Settlement Agreement and other documents related to the settlement and a Claim Form.  You may also contact Class Counsel by email at info@bursor.com, or by writing to Yes To Class Action Administrator, P.O. Box _____, _____, __ _____.

**PLEASE DO NOT CALL OR WRITE TO THE COURT FOR INFORMATION OR ADVICE.**

DATED: _____, 2021                    **BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

---

**EXHIBIT C**

1

2

3

4

5

6

7

8

9                      UNITED STATES DISTRICT COURT

10                     CENTRAL DISTRICT OF CALIFORNIA

11

12  IMANI WHITFIELD, SHAWANNA McCOY,          Case No. 2:20-cv-00763-AB-AS
    and JOSEY PARSONS AUGHTMAN, on behalf
13  of themselves and all others similarly situated,

14                               Plaintiffs,     [PROPOSED] ORDER GRANTING
                                                 PRELIMINARY APPROVAL OF CLASS
15           v.                                  ACTION SETTLEMENT

16  YES TO, INC.,

17                               Defendant.

18

19

20

21

22

23

24

25

26

27

28

WHEREAS, Plaintiffs[1] in the action entitled *Whitfield.*, filed on January 24, 2020, in the U.S. District Court for the Central District of California and assigned Case No. 2:20-cv-00763-AB-AS and Defendant have entered into a Stipulation of Settlement, filed [⬛⬛⬛⬛⬛], after arms-length settlement discussions;

AND, WHEREAS, the Court has received and considered the Stipulation, including the accompanying exhibits;

AND, WHEREAS, the Parties have made an application for an order preliminarily approving the settlement of this action, and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation;

AND, WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.      The Settlement Class Is Conditionally Certified**

1.      Pursuant to <u>Federal Rule of Civil Procedure 23</u>, and for settlement purposes only, the Court hereby certifies the following Class:

> All persons in the United States who purchased or used the Yes To Grapefruit Vitamin C Glow-Boosting Unicorn Paper Mask.  Excluded from this definition are the Released Persons, any person or entity that purchased the Yes To Grapefruit Vitamin C Glow-Boosting Unicorn Paper Mask for purposes of resale and not for his/her/its own consumption (i.e., "Resellers"), and any judicial officer assigned to this case.

2.      With respect to the Class and for settlement purposes only, the Court preliminarily finds the prerequisites for a class action under <u>Federal Rules of Civil Procedure 23(a)</u> and (b)(3) have been met, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representatives and Class

---

[1] All capitalized terms herein shall have the same meanings as set forth in the Stipulation unless otherwise specifically defined.

[PROPOSED] ORDER PRELIMINARILY
APPROVING CLASS
ACTION SETTLEMENT

Counsel; (e) predominance of common questions of fact and law among the Class for purposes of settlement; and (f) superiority.

3.      Pursuant to <u>Federal Rule of Civil Procedure 23</u>, the Court hereby appoints the Plaintiffs in this action (Imani Whitfield, Shawanna McCoy, and Josey Parsons Aughtman) as the Cass Representatives.

4.      Having considered the factors set forth in <u>Federal Rule of Civil Procedure 23(g)(1)</u>, the Court hereby appoints the law firms of Bursor & Fisher, P.A., Golomb & Honik, P.C., and Milstein Jackson Fairchild & Wade, LLP as Class Counsel.

**B.      The Stipulation Is Preliminarily Approved and Final Approval Schedule Set**

5.      The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

6.      The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval.  The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

7.      Pursuant to <u>Federal Rule of Civil Procedure 23(e)</u>, the Court will hold a Final Approval Hearing on _____, 2021 at __  a.m./p.m.,    in   the Courtroom of the Honorable André Birotte, United States District Court for the Central District of California, 350 West 1st Street, Los Angeles, California 90012, Courtroom 7B, for the following purposes:

(a)      finally determining whether the Class meets all applicable requirements of <u>Federal Rule of Civil Procedure 23</u> and, thus, the Class should be certified for purposes of effectuating the settlement;

[PROPOSED] ORDER PRELIMINARILY
APPROVING CLASS
ACTION SETTLEMENT

(b) determining whether the proposed settlement of this action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court;

(c) considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as provided for under the Stipulation;

(d) considering the applications of Plaintiffs for class representative service awards, as provided for under the Stipulation;

(e) considering whether the Court should enter the [Proposed] Final Settlement Order and Judgment;

(f) considering whether the release of the Released Claims as set forth in the Stipulation should be provided; and

(g) ruling upon such other matters as the Court may deem just and appropriate.

8.   The Court may continue or adjourn the final approval hearing and later reconvene such hearing without further notice to Class Members.

9.   The Parties may further modify the Stipulation prior to the final approval hearing so long as such modifications do not materially change the terms of the settlement provided thereunder.  The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

10.   Plaintiffs' applications for attorneys' fees, costs and incentive awards must be filed no later than 14 days before the deadline for Class Members to object, opt out or make claims under the Stipulation. All further papers in support of the settlement and any application for an award of attorneys' fees and expenses and/or class representative incentive awards must be filed with the Court and served at least seven days prior to the Final Approval Hearing.

**C.   The Court Approves the Form and Method of Class Notice**

11.   The Court approves, as to form and content, the proposed Long Form

[PROPOSED] ORDER PRELIMINARILY
APPROVING CLASS
ACTION SETTLEMENT

and Short Form Notice (collectively the "Notice"), which are Exhibits ⬜ and ⬜. The Court further approves, as to form and content, the Claim Form attached as Exhibit A to the Stipulation of Settlement.

12.    The Court finds that the distribution of Notice substantially in the manner and form set forth in the Stipulation meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

13.    The Court approves the designation of Heffler Claims Group to serve as the Court-appointed Settlement Administrator for the settlement.  The Settlement Administrator shall cause the Publication Notice to be published, disseminate Class Notice, and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Class Member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

14.    The Court directs the Settlement Administrator to establish a Settlement Website, making available copies of this Order, Class Notice, Claim Forms that may be downloaded and submitted online, by mail, or by facsimile, the Stipulation and all Exhibits thereto, a toll-free hotline, and such other information as may be of assistance to Settlement Class Members or required under the Stipulation.  The Class Notice and Claim Form shall be made available to Class Members through the Settlement Website on the date notice is first published and continuously thereafter through the termination of this action.

15.    The Claim Administrator is ordered to complete publication of the Publication Notice no later than 45 days after Preliminary Approval (the "Notice Date").

16.    The costs of Notice, processing of claims of Settlement Class Members, creating and maintaining the Settlement Website, and all other Claim Administrator

[PROPOSED] ORDER PRELIMINARILY
APPROVING CLASS
ACTION SETTLEMENT

and Notice expenses shall be paid by Defendant Yes To, Inc. in accordance with the applicable provisions of the Stipulation.

**D.      Procedure for Class Members to Participate in the Settlement**

17.    The Court approves the Parties' proposed Claim Form.  Any Settlement Class Member who wishes to participate in the settlement shall complete a Claim Form in accordance with the instructions contained therein and submit it to the Claim Administrator within 120 days after the Notice Date.  Such deadline may be further extended without notice to the Class by written agreement of the Parties.

18.    The Claim Administrator shall have the authority to accept or reject claims in accordance with the Stipulation.

19.    Any Class Member may enter an appearance in this action, at his or her own expense, individually or through counsel who is qualified to appear in the jurisdiction.  All Settlement Class Members who do not enter an appearance will be represented by Class Counsel.

**E.      Procedure for Requesting Exclusion from the Class**

20.    All Class Members who do not timely exclude themselves from the Class shall be bound by all determinations and judgments in this action concerning the settlement, whether favorable or unfavorable to the Settlement Class.

21.    Any person or entity falling within the definition of the Settlement Class may, upon his, her or its request, be excluded from the Class.  Any such person or entity must submit a request for exclusion to the Clerk of the Court c/o the Class Action Administrator, postmarked or delivered no later than 7 calendar days prior to the date of the final approval hearing, the date for which will be specifically identified in the Publication Notice and Class Notice.  Requests for exclusion purportedly filed on behalf of groups of persons/or entities are prohibited and will be deemed to be void.

22.    Any Settlement Class Member who does not send a signed request for exclusion postmarked or delivered on or before the time period described above will

[PROPOSED] ORDER PRELIMINARILY
APPROVING CLASS
ACTION SETTLEMENT

be deemed to be a Settlement Class Member for all purposes and will be bound by all judgments and further orders of this Court related to the settlement of this action and by the terms of the settlement, if finally approved by the Court. The written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member and include a statement indicating that the person or entity is a member of the Settlement Class. All persons or entities who submit valid and timely requests for exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order.

23.     A list reflecting all requests for exclusion shall be filed with the Court by Class Counsel at or before the Final Approval Hearing.

### F.     Procedure for Objecting to the Settlement

24.     Any Class Member wishing to object to or oppose the approval of this Settlement, the motion for the service award to Plaintiffs and/or the Fee and Cost Applications shall submit to the Settlement Administrator a written objection and/or request to be heard no later than 75 days after the Notice Date. Such communication shall state the name and address of the Settlement Class Member, shall include information sufficient to demonstrate membership in the Settlement Class, shall state the grounds for each objection asserted, and shall state whether the Settlement Class Member intends to appear at the final approval hearing. Any Class Member who fails to timely file and serve a written Objection containing all of the requisite information shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by any means, including but not limited to an appeal.

25.     The Settlement Administrator shall forward the Objection and all supporting documentation to Class Counsel and Counsel for Defendants.

26.     A Class Member who objects to the settlement may also submit a Claim Form on or before the deadline to do so, which shall be processed in the same way

[PROPOSED] ORDER PRELIMINARILY
APPROVING CLASS
ACTION SETTLEMENT

as all other Claim Forms. A Class Member shall not be entitled to an extension to the deadline to submit a Claim Form merely because the Class Member has also submitted an objection.

27.     Class Counsel will file with the Court their briefs in support of Final Approval, the requested service awards for Plaintiffs and an application for attorneys' fees and costs no later than twenty-one (21) days before the deadline for Class Members to object to the Settlement.

28.     Class Counsel and/or Defendants have the right, but not the obligation, to respond to any objection no later than seven (7) days prior to the Final Approval Hearing. The party so responding shall file a copy of the response with the Court, and shall serve a copy, by regular mail, hand or overnight delivery, to the objecting member of the Class or to the individually-hired attorney for the objecting member of the Settlement Class; to Class Counsel; and to Defendants' Counsel.

IT IS SO ORDERED

DATED: _____        _____
                                       THE HONORABLE ANDRÉ BIROTTE
                                       UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER PRELIMINARILY
APPROVING CLASS
ACTION SETTLEMENT

**EXHIBIT D**

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                          CENTRAL DISTRICT OF CALIFORNIA

8

9   IMANI WHITFIELD, SHAWANNA McCOY,          Case No. 2:20-cv-00763-AB-AS
10  and JOSEY PARSONS AUGHTMAN, on behalf
    of themselves and all others similarly situated,
11                                             [PROPOSED] ORDER SETTLEMENT
                            Plaintiffs,        ORDER AND JUDGMENT
12        v.
13  YES TO, INC.,
14                          Defendant.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

IT IS HEREBY ADJUDGED AND DECREED THAT:

1. This Judgment incorporates by reference the definitions in the Stipulation of Settlement dated _____ (Dkt. _____) (the "Stipulation"), attached hereto as **Exhibit A**, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless set forth differently herein. The terms of the Stipulation are fully incorporated in this Judgment as if set forth fully here.

2. The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Settlement Class Members who do not timely exclude themselves from the Class. The list of excluded Class Members was filed with the Court on _____ and is attached as **Exhibit B**.

3. Pursuant to <u>Federal Rule of Civil Procedure 23(b)(3)</u>, the Court hereby certifies the following Settlement Class:

> All persons in the United States who purchased or used the Yes To Grapefruit Vitamin C Glow-Boosting Unicorn Paper Mask. Excluded from this definition are the Released Persons, any person or entity that purchased the Yes To Grapefruit Vitamin C Glow-Boosting Unicorn Paper Mask for purposes of resale and not for his/her/its own consumption (i.e., "Resellers"), and any judicial officer assigned to this case.

4. Pursuant to <u>Federal Rule of Civil Procedure 23(c)(3)</u>, all such persons or entities who satisfy the Settlement Class definition above, except those Settlement Class Members who timely and validly excluded themselves from the Settlement Class, are Settlement Class Members bound by this Judgment.

5. For settlement purposes only, the Court finds:

(a) Pursuant to <u>Federal Rule of Civil Procedure 23(a)</u>, Imani Whitfield, Shawanna McCoy, and Josey Parsons-Aughtman are members of the Settlement Class, their claims are typical of the Settlement Class, and they fairly and adequately protected the interests of the Settlement Class throughout the proceedings

- 1 -

[PROPOSED] FINAL SETTLEMENT
ORDER AND JUDGMENT

in the Action.  Accordingly, the Court hereby appoints Ms. Whitfield, Ms. McCoy, and Ms. Parsons-Aughtman as class representatives;

(b)     The Class meets all of the requirements of <u>Federal Rules of Civil Procedure 23(a)</u> and (b)(3) for certification of the class claims alleged in the First Amended Complaint, including:  (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and Class Counsel; (e) predominance of common questions of fact and law among the Class for purposes of settlement; and (f) superiority; and

(c)     Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the settlement. Accordingly, the Court hereby appoints Class Counsel as counsel to represent Class Members.

6.     Persons or entities who filed timely exclusion requests are not bound by this Judgment or the terms of the Stipulation and may pursue their own individual remedies against Defendant.  However, such excluded parties are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Stipulation.  The list of persons and entities excluded from the Settlement Class because they filed timely and valid requests for exclusion is attached hereto as **Exhibit B**.

7.     The Court directed that notice be given to Class members by publication and other means pursuant to the notice program proposed by the Parties in the Stipulation and approved by the Court. (Dkt. _____ ¶¶ _____.) The declaration from Heffler Claims Group, attesting to the dissemination of the notice to the Class, demonstrates compliance with this Court's Preliminary Approval Order, Dkt. ____. The Class Notice advised Settlement Class members of the terms of the settlement; the date, time, and location of the final approval hearing and their right to appear at such hearing; their rights to remain in or opt out of the Settlement Class and to object

[PROPOSED] FINAL SETTLEMENT
ORDER AND JUDGMENT

to the settlement; the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Settlement Class.

8.      The distribution of the notice to the Settlement Class constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. §1715, and any other applicable law.

9.      Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and other persons that the settlement proposed by the Parties is fair, reasonable, and adequate.  The terms and provisions of the Stipulation are the product of arms-length negotiations conducted in good faith and with the assistance of an experienced mediator, Jill Sperber.  The Court has considered any timely objections to the Settlement and finds that such objections are without merit and should be overruled.  Approval of the Stipulation will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

10.     Upon the Final Settlement Approval Date, the named Plaintiffs and each Class Member other than those listed on Exhibit B shall be deemed to have, and by operation of this Final Settlement Order and Judgment shall have released, waived and discharged with prejudice Defendant from any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities whether legal, equitable, or otherwise, relating in any way to the claims asserted or the factual or legal allegations made in the Action, including without limitation the purchase or use of the Yes To Grapefruit Vitamin C Glow-Boosting Unicorn Paper Mask at any time (the "Released Claims").

11.     All Class Members who have not timely and validly submitted requests for exclusion are bound by this Judgment and by the terms of the Stipulation.

12.     The Class Representatives in this action initiated their respective lawsuits, acted to protect the Class, and assisted their counsel.  Their efforts have

[PROPOSED] FINAL SETTLEMENT
ORDER AND JUDGMENT

produced the Stipulation entered into in good faith that provides a fair, reasonable, adequate and certain result for the Class. Each of the three Class Representatives are entitled to a service award of $5,000. Class Counsel is entitled to reasonable attorneys' fees, which the Court finds to be $_____, and expenses in the amount of $_____. The Settlement Notice and Other Administrative Costs may be paid from the Settlement Fund, in accordance with the terms set forth in the Stipulation.

13.    The Court hereby dismisses with prejudice this Action, and the Released Parties are hereby released from all further liability for the Released Claims.

14.    Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Stipulation, and all matters ancillary thereto.

15.    The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this Judgment forthwith.

16.    The Parties are hereby authorized without needing further approval from the Court to agree to and adopt such modifications and expansions of the Stipulation, including without limitation the claim review procedure, that are consistent with this Judgment and do not limit the rights of Class Members under the Stipulation.


IT IS SO ORDERED.



DATED:_____
                                              THE HONORABLE ANDRE BIROTTE
                                              UNITED STATES DISTRICT JUDGE

[PROPOSED] FINAL SETTLEMENT
ORDER AND JUDGMENT

**EXHIBIT E**

 **LEGAL NOTICE**

# If You Purchased or Used a Yes To Grapefruit Vitamin C Glow-Boosting Unicorn Paper Mask, You May Benefit From A Proposed Class Action Settlement

*Whitfield v. Yes To, Inc.*, Case No. 2:20-cv-00763-AB-AS

**WHAT IS THIS NOTICE ABOUT?**

A Proposed Settlement has been reached in a class action lawsuit in the United States District Court, Central District of California, (the "Action") that may affect your rights. Purchasers and users of Yes To Grapefruit Vitamin C Glow-Boosting Unicorn Paper Masks (the "Masks") have sued their manufacturer, Yes To, Inc. ("Yes To"), alleging that that the Masks cause irritation, redness, and a burning sensation. Yes To denies this claim. The Court has not ruled in favor of Plaintiffs or Yes To. Instead, the parties agreed to a Proposed Settlement to avoid the expense and risks of continuing the lawsuit.

**AM I A MEMBER OF THE CLASS?**

The class is defined as all persons who purchased or used the Masks in the United States at any time.

**WHAT DOES THE SETTLEMENT PROVIDE?**

Subject to Court approval, the parties have agreed to a Settlement under which Yes To will pay $750,000 in cash. You may submit a claim for a cash payment of the $3 average retail price for each of the Masks you purchased or used during the class period. Claims for Products purchased or used during the class period will be paid without requiring proof of purchase. The claim amount may be subject to pro rata increase or decrease depending on the number of claims submitted.

**WHAT ARE MY RIGHTS?**

You have a choice of whether to stay in the Class or not, and you must decide this now. If you stay in the Class, you will be legally bound by all orders and judgments of the Court, and you won't be able to sue, or continue to sue, Yes To as part of any other lawsuit involving the same facts or claims that are in this lawsuit. This is true even if you do nothing by not submitting a claim.

1. You Can Accept the Settlement. Class Members who wish to receive Settlement Benefits **must** submit claims by [DATE]. You can get a Claim Form on the Internet at www.YesToClassAction.com. Read the instructions carefully, fill out the form, and submit it online on or before [DATE]. Alternatively, you may also submit a Claim Form by mailing it to the following address: [ADDRESS]. It must be postmarked no later than [DATE]. If you fail to submit a timely Claim Form and do not exclude yourself from the Settlement, then you will be bound by the Settlement but will not receive any Settlement Benefits.

2. You Can Object to the Settlement. If you believe the Settlement is unsatisfactory, you may file a written objection with the Clerk of the Court for the Central District of California and send copies to the following Counsel representing the Class and Yes To:

| Plaintiffs' Counsel | Yes To's Counsel |
|---|---|
| L. Timothy Fisher<br>Bursor & Fisher, P.A.<br>1990 North California<br>Blvd., Suite 940<br>Walnut Creek, CA<br>94596 | Jeffrey Goldman<br>Troutman Pepper Hamilton<br>Sanders, LLP<br>Two California Plaza<br>350 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>Telephone: (213) 928-9800<br>E-Mail:<br>jeffrey.goldman@troutman.com |

3. You Can "Opt Out" of the Settlement. If you exclude yourself from the Class – which is sometimes called "opting-out" of the Class – you won't get any Settlement Benefits from the Proposed Settlement. You will also be responsible for any attorney's fees and costs you incur if you choose to pursue your own lawsuit. Such notice shall include your name, current address, signature, and a statement that you want to be excluded from *Whitfield v. Yes To, Inc.*, Case No. 2:20-cv-00763-AB-AS, no later than [DATE]. Send the written notice to [ADDRESS].

THE FAIRNESS HEARING

 On [_____], 2021, at [_____], the Court will hold a hearing in the United States District Court for the Central District of California to determine: (1) whether the Proposed Settlement is fair, reasonable, and adequate and should receive final approval; and (2) whether the application for Plaintiffs' attorneys' fees of up to one-third of the total $750,000 settlement fund, plus reimbursement of out-of-pocket expenses, should be granted. Objections to the Proposed Settlement by Class Members will be considered by the Court, but only if such objections are filed in writing with the Court and sent to Plaintiffs' and Yes To's counsel by [_____, 2021] as explained above. Class Members who support the Proposed Settlement do not need to appear at the hearing or take any other action to indicate their approval. You may hire your own lawyer to appear in Court for you if you wish; however, if you do, you will be responsible for paying that lawyer on your behalf.

**HOW CAN I GET MORE INFORMATION?**

If you have questions or want a detailed notice or other documents about this lawsuit and your rights, visit the website at www.YesToClassAction.com. You may also contact Class Counsel by email at info@bursor.com, or by writing to: [ADDRESS].

By order of the United States District Court for the Central District.

**EXHIBIT F**

CONFIDENTIAL SETTLEMENT COMMUNICATION - SUBJECT TO RULE 408

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

IMANI WHITFIELD, SHAWANNA
MCCOY, JOSEY PARSONS
AUGHTMAN, individually and on
behalf of all other similarly situated,

                Plaintiffs,

    vs.

YES TO, INC.

                Defendant.

Case No. 2:20-cv-00763

**STIPULATION REGARDING
UNDERTAKING RE:
ATTORNEYS' FEES AND COSTS**

WHEREAS, _____ (the "Firm") desires to give an undertaking (the "Undertaking") for repayment of their award of attorney fees and costs, approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

NOW, THEREFORE, each of the undersigned, on behalf of themselves as individuals and as agents for their law firm, hereby submit themselves and their respective law firms to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the

{00095408;1}

- 1 -

UNDERTAKING

Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, the Firm and its shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the Central District of California for the enforcement of any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement Agreement.

The Firm and its shareholders, members, and/or partners are jointly and severally liable for any obligations for any repayment of any and all money and other funds which are paid to their respective firms, pursuant to this Undertaking.

In the event that the Final Approval Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, the Firm shall, within twenty (20) business days repay to Yes To, Inc. the full amount of the attorneys' fees, costs and expenses paid to the Firm pursuant to the Order granting the motion for attorney fees, and/or paid pursuant to the Final Approval Order, plus accrued interest at the same net rate as is earned by judgments entered by federal courts.

In the event the attorney fees and costs awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, the Firm shall within twenty (20) business days repay to the Settlement Fund the amount of the reduction applicable to that law firm's or attorney's portion of the Fee Award, plus accrued interest at the same net rate as is earned by judgments entered by federal courts.

This Undertaking and all obligations set forth herein shall expire upon finality of the Final Approval Order and Judgment.  The Final Approval Order and Judgment will be final at the later of, 1) 31 days after entry of Judgment if no Notice of Appeal is filed, or 2) after all appeals are exhausted and the Order and/or

Judgment are affirmed, with no further rights of appeal.

In the event the Firm fails to make a repayment required under this Undertaking, the Court shall, upon application of Yes To, Inc., and notice to the Firm, summarily issue orders, including but not limited to judgments and attachment orders against any Person and/or entity jointly and severally liable pursuant to this Undertaking, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant, and represent that they have both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED:

DATED: _____, 2021

_____

By: _____, individually and
on behalf of the Firm

_____

**Aleesha Beyus**